IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO.  6:12CR25 |
| | § | |
| TY WESLEY HARDIN (01) | § | |

**MOTION OF THE UNITED STATES FOR**
**A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below.  A proposed order is submitted with this motion.

1. On May 10, 2012, the defendant, **Ty Wesley Hardin**, entered a plea of guilty to Count Two of the indictment, which charges a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marijuana.  As part of the plea agreement with the United States, the defendant consented to the entry of a money judgment in the amount of $18,000.00, which represents proceeds of the alleged offenses.

2. Rule 32.2(b)(1) and (b)(2), Federal Rules of Criminal Procedure, provide that:

   (1) As soon as practical after a verdict or finding of guilty, or accepting  a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute.  If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be

        ordered to pay.  The court's determination may be based on evidence already in the record, on any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.

    (2)    If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

    3.    By virtue of the plea agreement, the United States has established the requisite basis for the forfeiture of $18,000.00 to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

    4.    Because the forfeiture order will consist only of a money judgment, no ancillary proceeding will be required to adjudicate the interests of third parties in the forfeited property, pursuant to Rule 32.2(c)(1).

    5.    The United States respectfully requests the entry of a Preliminary Order of Forfeiture consisting of a money judgment in the amount of $18,000.00 against the defendant.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

 /s/   Bill Baldwin
BILL BALDWIN
Assistant United States Attorney
California Bar No. 115408
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 (fax)
Bill.Baldwin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel for the defendant via the Court's CM/ECF filing system on May 11, 2012.

 /s/   Bill Baldwin
BILL BALDWIN

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with the defendant's counsel, Tonda Curry, regarding the merits of this motion, and he does not oppose the motion.

 /s/   Bill Baldwin
BILL BALDWIN